**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 23-4472**

———————

UNITED STATES OF AMERICA,

> Plaintiff - Appellee,

> v.

CARL WILLIAM MURDAUGH, a/k/a Will,

> Defendant - Appellant.

———————

Appeal from the United States District Court for the District of South Carolina, at Charleston. Richard Mark Gergel, District Judge. (2:22–cr–00873–RMG–1)

———————

Submitted: November 21, 2024                          Decided: April 8, 2025

———————

Before DIAZ, Chief Judge, and NIEMEYER and AGEE, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

**ON BRIEF:** David A. Brown, Sr., DABROWNLAW, LLC, Rock Hill, South Carolina, for Appellant. Jamie Lea Nabors Schoen, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Carl William Murdaugh was arrested and indicted for his participation in a complex, multi-state drug trafficking conspiracy. Before his arraignment, the COVID-19 pandemic ground court proceedings around the country to a halt, including in the District of South Carolina, where the case against Murdaugh and his co-defendants was brought. For several years, the district court operated under a series of standing orders limiting the availability of jury trials. Against this background—and after Murdaugh fired one lawyer, his second lawyer withdrew, and the first presiding judge retired—Murdaugh pleaded guilty to conspiracy to possess heroin with intent to distribute.

Murdaugh appeals his judgment of conviction on the basis that his Sixth Amendment right to a speedy trial was violated. Finding that the delays in Murdaugh's case did not violate his constitutional rights, we affirm.[1]

I.

To adequately assess Murdaugh's challenge, we set out the sequence of events.

A.

In July 2019, South Carolina state officials arrested and charged Murdaugh with state crimes related to the events that would lead to his federal charges. He was released from state custody on bond.

---

[1] Murdaugh doesn't raise a Speedy Trial Act challenge to his conviction on appeal.

A few weeks later, a federal grand jury in the District of South Carolina returned a 52-count indictment of 30 defendants, including Murdaugh. But Murdaugh wasn't taken into federal custody. He remained out on bond with respect to the state proceedings when the COVID-19 pandemic began in March 2020.

The pandemic and its attendant public health guidelines, including social distancing to limit the spread of COVID-19, led the District of South Carolina to adopt a series of standing orders postponing jury trials. These orders were in effect for more than a year. Standing Order, No. 3:20-mc-105 (D.S.C. March 16, 2020); Amended Standing Order, No. 3:20-mc-139 (D.S.C. Apr. 10, 2020); Second Amended Standing Order, No. 3:20-mc-264 (D.S.C. June 16, 2020); Third Amended Standing Order, No. 3:20-mc-326 (D.S.C. July 14, 2020); Fourth Amended Standing Order, No. 3:20-mc-371 (D.S.C. Aug. 21, 2020); Fifth Amended Standing Order, No. 3:20-mc-416 (D.S.C. Sept. 18, 2020). In June 2021, the district permitted jury trials to proceed at the presiding judge's discretion. Sixth Amended Standing Order, No. 3:21-mc-337 (D.S.C. June 4, 2021). Normal court operations didn't resume until March 2022. Order Vacating Sixth Amended Standing Order and Resuming Normal Pre-Covid Court Operations with Presiding Judge Discretion, No. 3:22-mc-160 (D.S.C. Mar. 18, 2022).

B.

In November 2020, Murdaugh was arrested by state officials for driving while under the influence resulting in death. He was then taken into federal custody and, about a week later, arraigned on the federal charges. The district court appointed counsel. By that time,

3

the jury trial for Murdaugh's codefendants had been set for April 2021, about five months later.

Murdaugh's lawyer obtained three trial continuances because of (1) the volume of discovery in the case and difficulties reviewing discovery, and (2) COVID-19-related restrictions in Murdaugh's detention facility. These continuances brought Murdaugh's trial date to December 2021.

At a pretrial conference on November 3, Murdaugh objected to the delay in bringing him to trial. Still, the district court continued the December trial date because the case involved two non-severed codefendants, and all three defendants were charged with conspiracy. The codefendants were entertaining plea deals, so the district court deferred setting a trial date until after they reached their decisions, which Murdaugh said he understood.

Despite Murdaugh's statement in November that he wished to proceed to trial, his lawyer obtained another continuance in January 2022, again because of COVID-19-related problems with reviewing discovery with Murdaugh.

C.

In March 2022, the district court granted Murdaugh's motion to substitute counsel. At an April 20 conference, Murdaugh again asserted his speedy trial rights. But his new lawyer still hadn't met with him, so the district court continued the case at his lawyer's request. Trial was then set for early June.

Murdaugh moved to dismiss the indictment for constitutional and statutory speedy trial violations in early May, less than a month before trial. The government sought a

4

continuance so the court could resolve the motion, which would require preparing transcripts of prior court proceedings. Murdaugh also moved to suppress evidence against him. Over Murdaugh's opposition, the court continued the trial to August.

Murdaugh's second lawyer appeared at a hearing on his two motions on July 13, but the next week moved to withdraw after discovering a conflict of interest. The district court granted that motion. With less than a month before trial was set to begin, Murdaugh's new lawyer sought a continuance. The court granted the request and set trial for November.

### D.

A few weeks later, the presiding district judge retired and Murdaugh's case was reassigned. In September, the new judge held a status conference. The government stated its intent to "dismiss the pending indictment without prejudice and to present a new indictment to the grand jury." J.A. 18. Murdaugh objected, since he wanted any dismissal to be with prejudice. The court ordered the parties to make their respective arguments in supplemental filings, and also ordered supplemental briefs on the pending suppression motion.

In his supplemental filing on the motion to dismiss, Murdaugh's counsel sought dismissal with prejudice, alleging that Murdaugh's rights under the Speedy Trial Act were violated. But he didn't also press that Murdaugh's Sixth Amendment speedy trial rights were violated.

The district court rejected Murdaugh's statutory challenge and dismissed the indictment without prejudice. *United States v. Murdaugh*, No. 19-cr-628, 2022 WL 16952027, at *4 (D.S.C. Nov. 14, 2022). Murdaugh then wrote the district court directly

5

requesting that the court rule on his "previous claim of a violation of [his] Sixth Amendment right to a speedy trial." J.A. 227–30. The district court construed the letter as a reconsideration motion and concluded that Murdaugh's "*pro se* filing provides no basis to reconsider" the motion to dismiss ruling. J.A. 232.[2]

E.

The government re-indicted Murdaugh in October 2022.[3] On December 1, the district court set Murdaugh's trial for less than two weeks later, and Murdaugh's lawyer sought a continuance so he could prepare.

The district court continued the trial to January 2023. But before trial, the parties filed a plea agreement and, on January 3, Murdaugh pleaded guilty to conspiracy to possess heroin with intent to distribute. The parties stipulated in the plea agreement to a sentence of 120 months' imprisonment, which the court later imposed.

This appeal followed.

II.

The Sixth Amendment guarantees all criminal defendants "the right to a speedy and public trial." U.S. Const. amend. VI. We consider four factors in determining whether this right has been violated: the "[l]ength of delay, the reason for the delay, the defendant's

---

[2] We construe this action by the district court as a denial of Murdaugh's Sixth Amendment claim.

[3] By this point, the government had obtained two superseding indictments.

6

assertion of his right, and prejudice to the defendant." *Barker v. Wingo*, 407 U.S. 514, 530 (1972). The analysis is a "functional" one that accounts for "the particular context of the case." *Id.* at 522. The first factor is "a threshold requirement," requiring the defendant to show that "the interval between accusation and trial has crossed the threshold dividing ordinary from presumptively prejudicial delay." *United States v. Woolfolk*, 399 F.3d 590, 597 (4th Cir. 2005) (quotation omitted). To prevail on a constitutional speedy trial challenge, a defendant must "establish that on balance, the four separate factors weigh in his favor." *United States v. Hall*, 551 F.3d 257, 271 (4th Cir. 2009) (cleaned up).[4]

The government "concedes that the delay in this case"—almost three and a half years between Murdaugh's August 2019 first indictment and January 2023 plea—"is sufficient to warrant further analysis."[5] Appellee's Br. at 24. The first factor therefore favors Murdaugh. *See United States v. Pair*, 84 F.4th 577, 589 (4th Cir. 2023) (accepting the government's concession that a "401-day period between [the defendant's] first appearance and trial" is a presumptively prejudicial delay).

But the remaining factors strongly favor the government. Under the second factor, a "valid reason" may "justify appropriate delay." *Barker*, 407 U.S. at 531. Focusing on

---

[4] Our review of the district court's ruling is de novo. *United States v. Robinson*, 55 F.4th 390, 399 (4th Cir. 2022).

[5] When considering a Sixth Amendment speedy trial challenge, we measure "the length of pretrial delay from the arrest or first indictment" when the "charges in a later indictment merely build off the first indictment or the conduct underlying it." *United States v. Villa*, 70 F.4th 704, 714 (4th Cir. 2023).

"the reason the government assigns to justify the delay," *id.*, we find only valid reasons for delay here.

Most obvious based on the case's chronology is the COVID-19 pandemic, which disrupted the district court's ability to conduct jury trials. Murdaugh himself sought multiple continuances because of the pandemic's impact on his ability to review discovery with his counsel. "Much of the interruption was attributable to the unpredictable and unavoidable public health crisis presented by the COVID-19 pandemic," which we have previously held justified trial delays. *Pair*, 84 F.4th at 589 (cleaned up).

Then there are the personnel-related delays. Murdaugh replaced his first attorney, his second attorney withdrew to avoid a conflict of interest, and the first presiding judge retired. Each of these events adequately justifies additional delay because of the substantial work the parties and court needed to complete "to prepare for trial," which we have explained is a "valid reason[] for delay." *Id.*

This case was a complex prosecution that involved extensive discovery. Indeed, the volume of discovery was substantial enough to cause defense counsel to request multiple continuances. It's fitting, then, that the turnover in counsel and the presiding judge would warrant additional time to bring the case to trial.

And then, of course, there are Murdaugh's pretrial motions, filed by his second lawyer on the eve of trial. These motions "by definition had to be resolved prior to the commencement of trial," yet required preparing court transcripts from earlier proceedings. *United States v. Eccleston*, 615 F. App'x 767, 775–76 (4th Cir. 2015). Murdaugh's motions justified the delay. *See Hall*, 551 F.3d at 272.

8

Moreover, the government can't be blamed for the substantial delay between Murdaugh's indictment and plea. The government requested just one continuance, prompted by Murdaugh's filing of pretrial motions on the eve of trial. By contrast, the government had no control over the COVID-19 pandemic, the district court's pandemic-related rules, defense counsel's ability to review discovery with Murdaugh, the timing of defense counsel's dispositive motion, the breakdown in the relationship between the first defense lawyer and Murdaugh, the ethical rules requiring the second defense lawyer to withdraw from the case, or the retirement of the first presiding judge. We have no trouble concluding that the second *Barker* factor favors the government.

The third and fourth factors also favor the government.

On the third factor, we assess "the timeliness and vigor of the assertion of the speedy trial guarantee." *Hall*, 551 F.3d at 271. We have previously held that the third factor favored the government when a defendant first asserted his speedy trial right "over a year after his arrest." *Robinson*, 55 F.4th at 400. Murdaugh first asserted his speedy trial right about 27 months after he was indicted, 12 months after he was brought into federal custody, and 11 months after he was arraigned. Between his arraignment and his assertion of his speedy trial right, there were at least three court proceedings where Murdaugh could have invoked that right. Murdaugh's assertion of his right was untimely.

As for the "critical" fourth *Barker* factor, Murdaugh has shown no prejudice to him arising from the delay in this case. *Ricon v. Garrison*, 517 F.2d 628, 634 (4th Cir. 1975) (quotation omitted). The kinds of prejudice we consider include "(1) preventing oppressive pretrial incarceration, (2) minimizing the anxiety and concern of the accused, and (3)

9

limiting the possibility that the defense will be impaired." *United States v. Grimmond*, 137 F.3d 823, 829 (4th Cir. 1998).

The "most serious" form of prejudice "is the last." *Id.* at 829–30 (quoting *Barker*, 407 U.S. at 532). Yet Murdaugh argues only the first form, pressing that the length of his detention is sufficient to show prejudice. Appellant's Br. at 16. If prejudice could be shown merely by lengthy pretrial detention, any trial delay for a detained criminal defendant could give rise to a finding of prejudice. We reject Murdaugh's argument as "a generalized assertion" that fails to demonstrate his detention was in any way oppressive. *United States v. Shealey*, 641 F.3d 627, 634 (4th Cir. 2011); *see also Hall*, 551 F.3d at 273.

\*     \*     \*

Accepting that the delay in Murdaugh's case was presumptively prejudicial under the first *Barker* factor, the remaining factors nonetheless strongly favor the government. We conclude that Murdaugh did not suffer a violation of his constitutional right to a speedy trial. We therefore affirm the judgment. And we dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*